46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorgio Antonio ZAMBRANO, Defendant-Appellant.
 No. 93-5727.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 20, 1994.
Decided: January 13, 1995.
 
 Todd M. Peebles, PEEBLES & SCHRAMM, Winston-Salem, NC, for Appellant. Mark T. Calloway, United States Attorney, William A. Brafford, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Lorgio Antonio Zambrano entered a guilty plea to one count of impersonating a federal employee, 18 U.S.C. Sec. 912 (1988). He appeals his eighteen-month sentence on the ground that the district court erred in departing upward and in the extent of the departure. Because we find that the district court misapplied guideline section 2J1.4,[1] we vacate the sentence and remand for resentencing.
 
 
 2
 In late 1992, Zambrano, who worked as a machine operator in Hickory, North Carolina, began telling people that he was an inspector for the Immigration and Naturalization Service (INS). He had a purported INS badge and credentials and said he would be hiring secretaries for a new INS office. In January 1993, Zambrano persuaded sixteen-year-old Jennifer Teed, who knew him slightly, to come with him to make an application for a job with the INS. Zambrano took her shopping for new makeup, then bought her a meal, and finally took her to a motel. He said he lived there and needed to stop for a minute. In fact, Zambrano lived with his wife and 15-year-old son. Zambrano checked in and drove around to the room he had rented. Teed said she would wait outside, but Zambrano pushed her into the room. He then told her to sit down on the bed or she would regret it. She complied.
 
 
 3
 After locking the door, Zambrano sat down beside Teed and for twenty minutes told her he loved her, could give her anything she wanted, and so forth. When Zambrano pushed her down on the bed and put his hand under her shirt, Teed pushed him away, got up and asked him to take her home. Zambrano refused, so Teed unlocked the door, went outside, and waited until he came out and took her home. Teed testified at Zambrano's sentencing hearing that she was fright ened during the incident and was too frightened afterward to tell her family what had happened.
 
 
 4
 Zambrano's recommended offense level was six. USSG Sec. 2J1.4 (Impersonation).[2] His criminal history category was I. His recommended guideline range was 0-6 months. The probation officer suggested that an upward departure might be warranted under guideline sections 5K2.4, p.s. (Abduction or Unlawful Restraint) and 5K2.9 (Criminal Purpose). The government argued for a departure to the statutory maximum of three years and the court ultimately departed to offense level fourteen, which made the guideline range 15-21 months. The court imposed a sentence of eighteen months.
 
 
 5
 We find first that the district court did not clearly err in determining that Zambrano's purpose was to commit another offense, a sexual assault. Although he argues that he merely intended to have consensual sexual relations with Teed, no subterfuge would have been necessary if that was the case. Teed's testimony established that she was enticed by the promise of a better job with the INS, and Zambrano's conduct overall indicated that he intended to compel her to have sexual relations with him, if not by force then in return for his supposed help in obtaining the promised job.
 
 
 6
 However, an upward departure may be valid only if the sentencing court identifies an aggravating circumstance which was not adequately considered under the applicable guideline. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991). Guideline section 2J1.4 contains a cross-reference which provides that, if the impersonation was to facilitate another offense, the guideline for an attempt to commit that offense should be applied if the resulting offense level is higher. USSG Sec. 2J1.4(c). Had the district court applied the cross-reference to section 2A3.4 (Attempt to Commit Abusive Sexual Contact), the resulting offense level would have been ten rather than six. The resulting guideline range would have been 6-12 months rather than 0-6 months.
 
 
 7
 Use of the cross-reference would have negated the basis for the departure under section 5K2.9. A departure above the range of 6-12 months based solely on restraint of Teed would not have been warranted because, under section 5K2.4, a departure is justified only if the purpose of the restraint was to facilitate commission of the offense of conviction or to facilitate the defendant's escape. Neither condition was met here.
 
 
 8
 Although neither the probation officer nor the government advised the court that the cross-reference should be applied, and Zambrano does not contend on appeal that the court erred in this respect, we find that the district court plainly erred in failing to apply the crossreference in section 2J1.4(c). Fed.R.Crim.P. 52(b) (appeals court may notice plain error); United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993) (plain error affecting substantial rights may be reviewed for first time on appeal if error seriously affects fairness, integrity, or public reputation of judicial proceedings).
 
 
 9
 We therefore vacate the sentence imposed and remand the case to the district court. When resentencing Zambrano, the district court should apply section 2J1.4(c). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)